IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

MAR 1 0 2016

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. <u>3: 15-CR-30112-SMY</u> |
| vs. | ) | |
| | ) | |
| MICHAEL JOHNSON, | ) | |
| Defendant. | ) | |

### PLEA AGREEMENT

It is hereby agreed between the United States of America, through Acting United States Attorney James L. Porter and Assistant United States Attorney Monica A. Stump (collectively referred to as the "United States") and Defendant Michael Johnson, (hereinafter "Defendant") with the advice and consent of James Stern, Esq., counsel for Defendant, as follows:

### I. Plea, Penalties, and Elements

1. Defendant will enter a plea of guilty to Counts 1 through 4 of the Indictment. Defendant understands that the statutory maximum penalties, and minimum penalties if applicable, are as follows:

| Count | Charge & Statute | Statutory Penalties | Elements of the Offense |
|---|---|---|---|
| 1 | Conspiracy to Commit Sex Trafficking under Title 18, United States Code, Section 1594(c) | Any Term or Life imprisonment, and/or a $250,000 fine, and NMT 5 years supervised release; $100 special assessment fee. | 1. Two or more persons in some way or manner came to a mutual understanding or agreement to try to accomplish a common and unlawful plan, as charged in the Indictment, namely that:<br>(a) Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means, S.Y., S.B., A.J., and A.W., or Defendant knowingly benefitted financially and received a thing of value from participating in a venture that did knowingly recruit, entice, harbor, transport, provide, obtain or maintain by any means, S.Y., S.B., A.J., and A.W.<br>(b) Defendant did so knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion would be used to cause the person to engage in a commercial sex act;  and<br>(c) Defendant's acts were in or affected interstate or foreign commerce; and<br>2. Defendant knowingly became a member of the conspiracy with intent to further the conspiracy. |

| 2-4 | Sex Trafficking of Children by Force, Fraud, or Coercion under Title 18, United States Code, Section 1591 | NLT 15 years to Life imprisonment, NMT $250,000, NMT 5 years supervised release, a $100 Special Assessment; and Restitution | 1. Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained a person, namely, S.Y., S.B., and A.J., by any means, or Defendant knowingly benefitted financially or by receiving a thing of value from participating in a venture that did knowingly recruit, entice, harbor, transport, provide, obtain or maintain S.Y., S.B., and A.J., by any means; 2. Defendant did so knowing and/or in reckless disregard of the fact that means of force, threats of force, fraud, coercion would be used to cause a person, namely S.Y., S.B., and A.J., to engage in a commercial sex act, and 3. Defendant's acts were done in or affecting interstate commerce. |

Defendant committed acts that satisfy each of the above elements of the offenses listed above. Defendant agrees that Defendant is guilty of the charges in Counts 1 through 4 of the Indictment.

2.     Defendant understands that the Court must assess a "Special Assessment" of $100 per felony count. Defendant agrees to pay the special assessment on or before the date of sentencing unless Defendant establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case Defendant agrees to pay it as soon as practicable.

3. Defendant understands that the United States will recommend the imposition of a fine, which may be based in part on Defendant's projected earnings through the Inmate Financial Responsibility Program.

4. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated June 16, 2015, are, for imprisonment: $2,552.00 per month; for community confinement: $2,417.00 per month; and for supervision: $273.00 per month.

5. Defendant shall cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

6. Defendant understands that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A.

7. Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property which constitute proceeds or property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense described in Counts One through Four of the Indictment. The items of property to be forfeited consist of the following:

    a. One JVC camcorder Model #GR-SX851U;
    b. One Dell Inspiron 1545 laptop computer, bearing serial number 34198064533;

    c. One Samsung cellular phone SGH-S125G, bearing serial number R21D7BYKF7R;
    d. One Sprint LG cellular phone Model #LS670, bearing serial number 105KPG51867391;
    e. One Sprint HTC cellular phone Model #PG86100, MEID: A100001B7CAC52;
    f. One eMachine CPU M/N: T5226, bearing serial number CCU7230000131;
    g. One iCon briefcase;
    h. One Motorola Droid X cellular phone, MEID A0000022BA3739;
    i. One Kyocera cellular phone Model C5133, DEC #268435462500651935;
    j. One Samsung SGH-T329 cellular phone, bearing serial number RVUP704174J;
    k. One Samsung SCH-U360 cellular phone, MEID: A0000024CAC705;
    l. One eMachines CPU, bearing serial number 00148-107-319-379;
    m. One Homemade Tattoo gun;
    n. One Vivitar 602 Digital Camera, bearing serial number G0105423;
    o. One blue Kodak Easyshare C160 Camera, bearing serial number KCGD4F93;
    p. One silver Olympus Digital Camera VG110, bearing no serial number;
    q. One green Kodak Easyshare M340 camera, bearing serial number KCGKP94505044;
    r. One Belkin Router, bearing serial number 201144gb101309;
    s. One Sprint Mini Signal Booster, bearing serial number 13047008227;
    t. One Xanadu Modem, MAC Address: 00:04:6A:A9:96:24;
    u. One Digiway Digital Scale; and
    v. Miscellaneous computer equipment and accessories, including but not limited to the following:
        i. Three (3) SD cards (4 GB PNY) (2GB PNY) (1GB Kingston);
        ii. Miscellaneous cables and connectors; and
        iii. Miscellaneous DVDs/CDs.

All assets to be forfeited include any and all property used and intended to be used in any manner or part to commit and to promote the commission of the aforementioned offenses.

    The United States may abandon forfeiture of any of the items by filing notice of same with the Court. Defendant further agrees that the United States may destroy the computer and media at any time, without further notice, without completing the forfeiture process, and without any obligation to compensate Defendant for the destruction of said computer and media.

    Defendant agrees to forfeit all interests in the property as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are

5

not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. Defendant further authorizes his attorney, James Stern, to execute on Defendant's behalf any documents requested by the United States to effectuate the forfeiture.

Defendant agrees to consent to any civil or administrative forfeiture brought against the property described above pursuant to 21 U.S.C. § 881. Defendant further waives service of process or notice in any such civil or administrative proceeding and agrees that an order for forfeiture may be entered in said civil or administrative proceeding without further notice or hearing.

If requested by the United States, all steps necessary to locate property and to pass title to the United States shall be completed before Defendant's sentencing.

Defendant agrees that forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.

Defendant further specifically waives the following constitutional or legal rights which he may otherwise possibly have had:

> (a) Any right to assert that the forfeitures violate the Eighth Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.
>
> (b) Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

(c) Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of Defendant for the entry of said order.

## II. Advisory Sentencing Guideline Calculations

1. The United States and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 41 after all counts have been considered, a Criminal History Category of VI, a sentencing range of 360 months to Life imprisonment, and a fine range of $50,000 to $250,000. The United States and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. *The United States agrees to recommend a sentence of 240 months on Counts 1-4 to run concurrently with each other and with the sentence of 102 months imposed in United States v. Michael Johnson, 14-cr-30017-DRH on February 10, 2015.* The United States and Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a).

The United States specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by Defendant and the United States). Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence Defendant anywhere up to the

7

statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of Defendant.

2. Defendant and the United States agree that the Base Offense Level in this case is calculated pursuant to U.S.S.G. § 2G1.3 and would be calculated by victim as follows:

(a) For victim, A.W., Defendant and the United States agree that the total offense level would be 40, based on a base offense level of 34, a two level enhancement for undue influence under subsection (b)(2), a two level enhancement for use of a computer to recruit A.W. under subsection (b)(3); and a two level enhancement for a sex act being involved under subsection (b)(4).

(b) For victims, S.Y., S.B. and A.J., Defendant and the United States agree that the total offense level would be 38, based on a base offense level of 34, a two level enhancement for undue influence under subsection (b)(2) and a two level enhancement for a sex act being involved under subsection (b)(4).

3. Defendant and the United States agree that these counts would not group under U.S.S.G. § 2G1.3(d) and application note 6. Accordingly, Defendant and the United States agree that Defendant's total offense level would be 44 under U.S.S.G. § 3D1.4.

4. Defendant and the United States agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3A.

5. Defendant and the United States agree that Defendant's role in the offense was such that Defendant's offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

6. Defendant and the United States agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level should not be increased.

7. Defendant and the United States agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the United States will recommend a reduction of three (3) Levels, reducing the Offense Level from 44 to Offense Level 41. *See* U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

8. Defendant and the United States submit that it appears that Defendant has amassed Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is VI. Defendant and the United States arrived at this Category based upon the following information:

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 2/06/2015 | Felon in Possession of Firearms, United States District Court for the Southern District of Illinois, No. 3:14-CR-30017-DRH | 102 months BOP | 4A1.1(a) | 3 points |
| 11/18/2010 | Unlawful Possession of Cannabis, St. Clair County Circuit Court, No. 10-cm-4075 | $100 fine | 4A1.1(c) | 1 point |
| 02/19/2008 | Criminal Damage to Property, Jersey County Circuit Court, No. 98-CF-48 | 1 year imprisonment | 4A1.1(b) | 2 points |

9

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 05/21/2007 | Unlawful Delivery of a Controlled Substance within 1,000 feet of a Public Park, Madison County Circuit Court, No. 06-CF-2117 | 5 years imprisonment | 4A1.1(a) | 3 points |
| 03/17/2003 | Unlawful Possession of a Controlled Substance with Intent to Deliver, Madison County Circuit Court, No. 03-CF-23 | 7 years imprisonment | 4A1.1(a) | 3 points |
| 06/22/2000 | Domestic Battery, St. Clair County Circuit Court, No. 00-cm-4496 | $400 fine and costs | 4A1.1(c) | 1 point |
| 05/24/2001 | Criminal Trespass to Property, St. Clair County Circuit Court, No. 00-cm-4598 | $100 fine and costs | 4A1.1(c) | 1 point |
| 07/19/1999 | Obstructing Justice, St. Clair County Circuit Court, No. 99-CF-313 | 18 months probation and fine and costs; 9 days jail credit | 4A1.2(e)(1), (3) | 0 points |
| 12/22/1998 | Unlawful Delivery of Controlled Substance, St. Clair County Circuit Court, No. 98-CF-1532 | 9 days jail credit; 18 months probation | 4A1.2(e)(1), (3) | 0 points |
| | On parole if defendant committed instant offense while on parole | | 4A1.1(d), app. n.4 | 2 |
| | | | Total Points 13 Criminal History Category VI | |

Defendant and the United States agree that based on Defendant's criminal history, he also qualifies as a career offender under U.S.S.G. § 4B1.1.

10

### III. Limitation of Plea Agreement & Breach of the Agreement

1.  Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement and the Stipulation and any addenda attached hereto embody the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written.

2.  Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

3.  Defendant acknowledges, understands and agrees that if Defendant:

    - commits any offense in violation of federal, state, or local law;

    - violates any condition of release;

    - violates the terms of this Agreement or the attached Addenda, if any;

    - fails to perform any of Defendant's obligations under this Agreement or the attached Addenda, if any;

    - moves to withdraw the guilty plea;

    - contests or assists another in contesting the forfeiture of money, property or assets which Defendant has agreed to forfeit;

    - conceals, transfers, encumbers or otherwise makes unavailable any assets or assists any person therewith, which would otherwise be available to the United States through exercise of legal processes to satisfy any financial obligation

11

>imposed by the Court including, but not limited to the forfeiture judgment, money judgment or restitution judgment or committing any acts constitution obstruction of justice;
>
>- files an appeal or institutes a post-conviction proceeding not authorized in the section entitled "Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver;"

such violation or action by Defendant may constitute a material breach of this Agreement. In the event of Defendant's material breach of this Plea Agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all of its obligations under this Plea Agreement. For example, the United States will be free to pursue any charges including those that may have been dismissed, promised to be dismissed, or not filed as a result of this Plea Agreement. Defendant agrees that any statute of limitations relating to such charges is tolled as of the date Defendant signs this Plea Agreement. Defendant also waives any double jeopardy defense or speedy trial challenges to such charges, in the event that charges are brought following a breach of this Plea Agreement by Defendant. The United States may move to set aside Defendant's guilty plea. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement or if Defendant is permitted to withdraw Defendant's guilty plea, any and all statements made by Defendant, whether under oath or not, at the change of plea hearing and any evidence derived from such statements are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that

the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### IV. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). Defendant and United States agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing.

4. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

5. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

6. Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The United States reserves the right to oppose such claims for relief.

14

7. Except as expressly permitted in paragraphs 5 and 6 (directly above), Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

8. Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

9. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## V. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. If convicted in this case, and if Defendant is not a United States citizen, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

## VI. Defendant's Acknowledgements

Defendant is fully satisfied with the representation received from defense counsel. Defendant acknowledges that the United States has provided complete discovery compliance in this case. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges that Defendant has had adequate opportunity to discuss the potential consequences of Defendant's plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily and knowingly because Defendant is guilty.

By signing this Plea Agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in a language that Defendant understands) and that Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

### VII. Defense Counsel's Acknowledgements

I have thoroughly read, reviewed and explained this Plea Agreement and its addenda, if any, to my client, who understands and accepts its terms. I have advised Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the maximum statutory sentence possible. I have further discussed the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or any of its representatives that are not contained in this written agreement or the attached addenda, if any.

### VIII.

No matters are in dispute.

JAMES L. PORTER
Acting United States Attorney

_/s/ Michael Johnson_
MICHAEL JOHNSON
Defendant

_/s/ Monica A. Stump_
MONICA A. STUMP
Assistant United States Attorney

_/s/ James Stern_
JAMES STERN
Attorney for Defendant

Date: 2-26-16

Date: 2/26/2016

17